UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
INTERTEK TESTING SERVICES, N.A., INC., :
: Civil Case No.: 2:19-cv-07103
Plaintiff, : (SJF) (AL)
-against- :
: **CONSENT ORDER**
FRANK PENNISI, WENDY ASKLUND, :
NICHOLAS PENNISI, and BIG APPLE TESTING, :
INC., :
:
:
Defendants. :
------------------------------------------------------------- x

FILED
CLERK
5/28/2020 4:56 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

THIS MATTER having been commenced by Plaintiff, Intertek Testing Services, N.A., Inc. ("Intertek") by filing a complaint on December 19, 2019, against Defendants Frank Pennisi ("F. Pennisi"), Wendy Asklund ("Asklund"), Nicholas Pennisi ("N.Pennisi") (collectively the "Individual Defendants"), and Big Apple Testing, Inc. ("Big Apple") (collectively "Defendants"), alleging that Defendants misappropriated documents that contained Intertek's confidential, proprietary, or trade secret information (the "Intertek Confidential Information") in violation of the Defend Trade Secrets Act of 2016, Pub. L. 114-153, 130 Stat. 376, codified at 18 U.S.C. § 1836 *et seq.*, that Big Apple tortiously interfered with Intertek's contractual relationship with the Individual Defendants, and that F. Pennisi violated certain non-competition and non-solicitation obligations pursuant to a Purchase and Sale Agreement and his Employment Agreement;

WHEREAS, Intertek and Big Apple are each in the business of performing special construction inspections, material testing and monitoring on behalf of engineering and real estate development firms in the New York City metro area;

WHEREAS, the Individual Defendants are former employees of Intertek, with Asklund and N. Pennisi currently being employed by Big Apple;

WHEREAS, this Court entered an Order Granting Intertek's Motion for Preliminary Injunction (the "Order") on December 19, 2019 (Dkt. No. 8);

WHEREAS, on May 27, 2020, the Individual Defendants served on Intertek Declarations, made under penalty of perjury, in which they stated (a) they had not used or disseminated any of Intertek's "confidential, proprietary, or trade secret information" since resigning from Intertek, including such Intertek Confidential Information as may be described in the Complaint; (b) that, after a thorough search of their personal files, including paper files, mobile phones, personal email accounts, laptops, personal computers, Google Drive account, and/or iCloud servers, they identified certain documents (submitted as exhibits to their respective Declarations) left in their possession from their years of employment with Intertek which may contain confidential or proprietary information; and (d) that they will delete or destroy those documents at Intertek's and the Court's direction;

WHEREAS, on May 27, 2020, Joe Lowy, Big Apple's President, served on Intertek an Affidavit, declaring under penalty of perjury and contempt of court that neither the Individual Defendants nor their agents had provided anyone at Big Apple with any "confidential or proprietary information or intellectual property of Intertek," or used such information in their roles at Big Apple;

WHEREAS, Defendants, through their counsel, confirmed that they do not have any documents containing Intertek Confidential Information in their possession, custody, or subject to their control, beyond those attached to their Declarations;

WHEREAS, the Individual Defendants represent that at all times they have not misappropriated any Intertek Confidential Information and wish to resolve this action by complying with their post-termination obligations concerning the use of Intertek Confidential Information;

**WHEREBY, IT IS HEREBY STIPULATED [AND ORDERED] THAT:**

A. Defendants consent to the jurisdiction of this Court to enter and enforce the Order against them.

B. The parties consent to the entry of this Consent Order.

C. The Individual Defendants will comply with their post-termination obligations relating to Intertek Confidential Information, including but not limited to such Intertek Confidential Information identified in the underlying Complaint (Dkt. No. 1).

D. The Individual Defendants, and any person within the scope of Federal Rule of Civil Procedure 65(d)(2), are permanently and forever enjoined, barred, and prohibited from disclosing any Intertek Confidential Information to anyone outside of Intertek.

E. F. Pennisi is barred, and prohibited from performing services, in any capacity, that are in any way related to the commercial inspection and testing of the materials and construction of public works, infrastructure, residential and commercial buildings in the New York City metropolitan area, which includes the State of New Jersey, until October 24, 2020.

F. Big Apple, and any of its affiliated companies, which includes but is not limited to Big Apple Group NY, LLC, are enjoined, barred, and prohibited from retaining F. Pennisi to perform services, in any capacity, until October 24, 2020.

G. F. Pennisi is enjoined, barred, and prohibited from, either directly or indirectly, inducing, enticing, encouraging or procuring or otherwise soliciting any employee of

Intertek to leave such employment to become employed by F. Pennisi's current employer or a competitor of Intertek, including Big Apple and any of its affiliated companies, until October 24, 2020.

      H.     If Defendants later discover any Intertek Confidential Information in their possession, custody, or control, they shall use their best efforts, within three days of such discovery, to provide Intertek with (a) copies of all such Intertek Confidential Information; (b) a summary of when and how such Intertek Confidential Information came into their possession, custody, or control; (c) the identity of all persons to whom copies of such Intertek Confidential Information or summaries derived therefrom were provided; and (d) the date or dates on which Intertek provided copies of such Intertek Confidential information to the persons identified pursuant to the foregoing section of this paragraph. Upon Intertek's direction, Defendants shall immediately provide all other copies of the Intertek Confidential Information in their possession to Intertek or destroy such copies in the manner specified by Intertek.

      I.     For the purposes of the foregoing paragraph (H):

         i.     Defendants are directed to provide all notices to Intertek to the attention of counsel for Intertek as follows:

> Elior D. Shiloh (Elior.Shiloh@lewisbrisbois.com)
> Andrew Williamson (Andrew.Williamson@lewisbrisbois.com)
> Lewis Brisbois Bisgaard & Smith LLP
> 77 Water Street, Suite 2100
> New York, NY 10005

         ii.    Intertek is directed to provide all notices to Defendants to the attention of counsel for Defendants as follows:

> Evan M. Newman (enewman@jntllp.com)
> Nathan Cohen (ncohen@jntllp.com)
> Jacobowitz Newman Tversky LLP
> 377 Pearsall Avenue, Suite C
> Cedarhurst, NY 11581

SJF/aa    J.    ~~This Court shall retain jurisdiction to enforce the terms of this Consent Order and resolve any disputes arising from or relating to this Consent Order.~~ Except for the entry of this Consent Order, all other claims for relief as alleged in the Complaint are hereby dismissed with prejudice, with the parties to bear their own costs and attorneys' fees.

Respectfully submitted,

_____      /S/ Andrew T. Williamson
_____

Evan Newman      Elior Shiloh
Nathan Cohen      Andrew Williamson
JACOBOWITZ NEWMAN      LEWIS BRISBOIS BISGAARD &
TVERSKY LLP      SMITH LLP
377 Pearsall Avenue      77 Water Street
Suite C      Suite 2100
Cedarhurst, New York 11516      New York, New York 10005
Telephone: (212) 612-1110      Telephone: (212) 232-1362
enewman@jntllp.com      elior.shiloh@lewisbrisbois.com
ncohen@jntllp.com      andrew.williamson@lewisbrisbois.com
*Attorneys for Defendants*      *Attorneys for Plaintiff*

**SO ORDERED.**

Dated:      New York, New York
             May __28__, 2020

                                                     *Sandra J. Feuerstein*
                                                     _____
                                                     SANDRA J. FEUERSTEIN
                                                     United States District Judge